# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2007-SC-000145-MR

JACK LAKE, JR.                                                    APPELLANT


                    ON APPEAL FROM KNOX CIRCUIT COURT
V.                  HONORABLE RODERICK MESSER, JUDGE
                               NO. 05-CR-000018


COMMONWEALTH OF KENTUCKY                                          APPELLEE


                    MEMORANDUM OPINION OF THE COURT

                                 AFFIRMING


        Appellant, Jack Lake, Jr., was convicted by a Knox Circuit Court jury of

manslaughter in the second-degree for the killing of Kenneth Vanover, and for being a

persistent felony offender in the first-degree. For these crimes, Appellant was

sentenced to twenty years imprisonment. Appellant now appeals to this Court as a

matter of right. Ky. Const. §110(2)(b).

        Appellant's sole argument on appeal is that the trial court improperly excluded

evidence of specific prior acts of Vanover's violent behavior when drunk, thereby

depriving Appellant of the ability to establish his defense of self-protection. Appellant

argues that the evidence of Vanover's past drunken violent behavior was admissible

under Kentucky Rule of Evidence 404(a)(2), and that Kentucky Rule of Evidence 405(c)

authorizes the use of prior specific acts evidence to show that Vanover was the initial

aggressor. While we agree that evidence of a decedent's violent character trait would be relevant on a claim of self-defense, we disagree with Appellant's assertion that proof of specific acts of violent behavior is admissible to establish that trait, and therefore we affirm Appellant's conviction.

On New Year's Eve, 2004, in front of Vanover's residence, a gunfight erupted between Vanover and the Appellant. Several shots were fired. Both men were wounded, but Vanover's wounds proved fatal. He died on the scene. Witness accounts of how the shooting began varied. Appellant did not testify, but presented several witnesses that testified Vanover was the initial aggressor. The Commonwealth presented witnesses which testified Appellant shot first. Evidence that Vanover had been drinking heavily was not disputed.

Vanover's son, Johnny, on cross-examination by Appellant's counsel, testified that Vanover never fought when drunk and that he never got mad or held a grudge. Defense counsel then asked Johnny if his father, while drunk, had ever hit anyone. The prosecution objected to this question as irrelevant. Appellant argued that the question was important to show that Vanover had a propensity toward drunken violence. Court records Appellant wanted to admit into evidence indicated that Vanover had been arrested several times for fighting while drunk. The court sustained the prosecutor's objection and the evidence was excluded.[1] Appellant now argues that the evidence regarding Vanover's prior drunken violence was admissible under KRE 404 (a)(2) and

---

[1] No avowal testimony was taken regarding the evidence of the prior drunken behavior, so we do not know how Johnny would have answered that question. Nor were the court records placed in the record by avowal. We therefore do not know what they contain, but the issue of preservation is not before us and we decline to invoke it *sua sponte*.

that by excluding that evidence, the trial court denied him the ability to properly present his theory of self-defense.

"Generally, a homicide defendant may introduce evidence of the victim's character for violence in support of a claim that he acted in self-defense or that the victim was the initial aggressor." Saylor v. Commonwealth, 144 S.W.3d 812, 815 (Ky. 2004). See also KRE 404 (a)(2); Johnson v. Commonwealth, 477 S.W.2d 159, 161 (Ky. 1972); Robert G. Lawson, The Kentucky Evidence Law Handbook § 2.15[4][b], at 104 (4th ed. LexisNexis 2003). "However, such evidence may only be in the form of reputation or opinion, not specific acts of misconduct." Saylor, 144 S.W.2d at 815. Police records showing specific acts of violence committed by a victim have been held to be inadmissible to show a propensity toward violence. Johnson, 477 S.W.2d at 161. An exception to the prohibition of admitting specific violent acts of the victim exists when the prior acts are offered by a defendant to show that he knew of the prior acts and therefore had reason to fear violence at the hands of the victim. Saylor, 144 S.W.2d at 815-816; Lawson, supra, sec 2.15[4][d]. In that situation, the evidence is not used to show the propensity of the victim to act violently, but to show the defendant's state of mind regarding his actions. Saylor, 144 S.W.2d at 816. Because Appellant did not testify, there was no evidence of whether he had knowledge of the prior acts of the victim.

Appellant, however, does not argue that he feared Vanover because he was aware of his violent nature when drunk, and did not offer the evidence in question for that reason. Appellant instead argues that KRE 405 allows him to admit specific instances of Vanover's conduct via KRE 404(a)(2) to prove his propensity to violence

3

because, he asserts, the victim's aggression is an essential element to a self-defense claim. KRE 405(c) ("In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct"). In Sherroan v. Commonwealth, 142 S.W.3d 7, 21 (Ky. 2004), we held that:

> [C]haracter constitutes an "essential" element only in rare circumstances. 'In criminal cases, it is rare (almost unheard of) to find that character is an element in a charge or defense.' Lawson, supra, § 2.15 [6], at 108 n. 45 (quoting 1 Mueller & Kirkpatrick, Federal Evidence § 105 (2d ed.1994)). 'KRE 404 deals with character used for the purpose of showing conduct in conformity with character and thus has no applicability to situations in which the character of a party is an element of a charge, claim, or defense.' Id. at § 2.15[6], at 108. Thus, if character is used as 'a means of proving conduct circumstantially,' it is not an essential element. 21 Am.Jur. P.O.F.3d § 6 (1993); Perrin v. Anderson, 784 F.2d 1040, 1045 (10th Cir. 1986). However, if the existence of the character trait determines the rights and liabilities of the parties, then it is an essential element and provable by specific instances of conduct. Professor Lawson cites the following as examples of the latter: (1) a civil action for defamation in which the defendant accused the plaintiff of being a 'crook,' with the defense being the truth of the statement, (2) a criminal action involving extortionate credit transactions, 'because of the need to prove [the] victim's fear of the defendant-lender,' and (3) criminal cases where the defense is entrapment, because of the need to prove the defendant's predisposition to commit the charged offense. Lawson, supra, § 2.15[6], at 108-09.

In this matter, Appellant simply wants to prove that Vanover, at least when drunk, had a violent disposition, from which one may infer that Vanover was the aggressor. That is nothing more than character evidence which, while relevant, must be proven by reputation or opinion evidence, not specific acts. See Hayes v Commonwealth, 175 S.W.3d 574, 588 (Ky. 2005). A homicide victim's character trait for violent behavior is not an essential element of the claim of self defense. It is not any element of self defense. It is simply an evidentiary fact that, when it exists, is relevant to establish the

4

elements of self defense. Therefore, proof of that trait in the form of specific prior acts cannot be admitted into evidence at trial through KRE 405. <u>Sherroan</u>, 142 S.W.3d at 21; 21 Am.Jur. P.O.F.3d § 6 (1993); <u>Perrin</u>, 784 F.2d at 1045.

The standard of review for admission of evidence is whether the trial court abused its discretion. <u>Commonwealth v. English</u>, 993 S.W.2d 941, 945 (Ky. 1999). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." <u>Id.</u> For the foregoing reasons, we conclude that the trial court did not abuse its discretion in excluding evidence of Vanover's previous violent acts.

The judgment and sentence of the Knox Circuit Court is affirmed.

All sitting. All concur.

5

COUNSEL FOR APPELLANT:

Randall L. Wheeler
Assistant Public Advocate
100 Fair Oaks Lane
Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Gregory C. Fuchs
Assistant Attorney General
Office of the Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601